**Sealed**
Public and unofficial staff access to this instrument are prohibited by court order

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § § | |
| vs. | § § § | CRIMINAL NO. **4:25-cr-471** |
| AUSTIN TANTON, and KAYLA THOMPSON | § § § § | |

## CRIMINAL INDICTMENT

THE GRAND JURY CHARGES:

### INTRODUCTION

At all times material to this Indictment:

1. The term "explosive" is defined, pursuant to Title 18, United States Code, Section 844(j), as "other explosives or incendiary devices within the meaning of paragraph (5) of section 232 of this title," which defines "explosive or incendiary device" as "any device which (i) consists of or includes a breakable container, including a flammable liquid or compound, and a wick composed of any material which, when ignited, is capable of igniting such flammable liquid or compound, and (ii) can be carried or thrown by one individual acting alone."

2. The term "destructive device" is defined, pursuant to Title 26, United States Code, Section 5845(f), as "(1) any explosive, incendiary, or poison gas (A) bomb, (B) grenade, (C) rocket having a propellant charge of more than four ounces, (D) missile having an explosive or incendiary charge of more than one-quarter ounce, (E) mine, or (F) similar device…(3) any combination of parts either designed or intended for use in converting any device into a destructive device as defined in subparagraph[] (1)…from which a destructive device may be readily assembled."

3. The term "explosive," for purposes of Count Two of this Indictment, is an incendiary device consisting of a glass bottle with cloth therein and containing flammable liquid and having a cloth wick in the mouth of said bottle, to wit, a Molotov cocktail.

4. The term "destructive device," for purposes of Count Three of this Indictment, is an incendiary device consisting of a glass bottle with cloth therein and containing flammable liquid and having a cloth wick in the mouth of said bottle, to wit, a Molotov cocktail.

## COUNT ONE
### (Conspiracy to Commit Malicious Use of Explosive Materials)

Beginning on or about November 1, 2023, the exact date being unknown, and continuing up to and including November 5, 2023, within the Southern District of Texas and elsewhere within the jurisdiction of the Court, Defendants,

**AUSTIN TANTON, and**
**KAYLA THOMPSON**

did knowingly and intentionally conspire and agree with each other, and others known and unknown to the Grand Jury, to maliciously damage or destroy, by means of fire and explosive materials, the Huyen Trang Buddhist Meditation Centre, to wit, the building located at 17505 FM 1485, New Caney, Texas 77357, used in interstate commerce.

**In violation of Title 18, United States Code, Section 844(n).**

## COUNT TWO
### (Explosive Materials—Commission of a Federal Felony)

On or about November 5, 2023, within the Southern District of Texas, Defendants,

**AUSTIN TANTON, and**
**KAYLA THOMPSON**

aided, abetted, and assisted by each other, and others known and unknown to the Grand Jury,

knowingly used or unlawfully carried an explosive, to commit conspiracy to commit arson, a felony prosecutable in a count of the United States damaged and attempted to destroy, by means of fire and explosive materials, the Huyen Trang Buddhist Meditation Centre, to wit, the building located at 17505 FM 1485, New Caney, Texas 77357, used in interstate commerce.

**In violation of Title 18, United States Code, Section 844(h)(1) and (h)(2) and Title 18, United States Code, Section 2.**

## COUNT THREE
### (Possession of Unregistered Destructive Device)

On or about November 5, 2023, within the Southern District of Texas and within the jurisdiction of the Court, the Defendant,

**AUSTIN TANTON**,

aided, abetted, and assisted by others known and unknown to the Grand Jury, knowingly received and possessed an unregistered firearm, to wit, a destructive device, not registered to him in the National Firearms Registration and Transfer Record.

**In violation of Title 26, United States Code, Sections 5841, 5845, 5861(d), 5871, and Title 18, United States Code, Section 2.**

## NOTICE OF CRIMINAL FORFEITURE
[18 U.S.C. §§ 981(a)(1)(C), 982(a)(2)(B); 28 U.S.C. § 2461(c)]

Pursuant to Title 18, United States Code, Sections 981(a)(1)(C) and 982(a)(2)(B), and Title 28, United States Code, Section 2461(c), as a result of the commission of a violation of Title 18, United States Code, Section 844, as alleged in Counts One through Two of this Indictment, notice is given to the defendants,

**AUSTIN TANTON, and
KAYLA THOMPSON**

3

that the defendants shall forfeit to the United States any property, real or personal, which constitutes or is derived from proceeds traceable to such violation.

## MONEY JUDGMENT

Defendants are notified that, upon conviction, a monetary judgment may be imposed equal to the total value of the property subject to forfeiture. Such amount is estimated to be $40,000.

## SUBSTITUTE ASSETS

Defendants are notified that in the event that property subject to forfeiture, as a result of any act or omission any defendant,

(A) cannot be located upon the exercise of due diligence;

(B) has been transferred or sold to, or deposited with, a third party;

(C) has been placed beyond the jurisdiction of the court;

(D) has been substantially diminished in value; or

(E) has been commingled with other property that cannot be divided without difficulty,

it is the intent of the United States to seek forfeiture of any other property of the defendant up to the total value of such property pursuant to Title 21, United States Code, Section 853(p), incorporated by reference in Title 28, United States Code, Section 2461(c).

A True Bill:

Original Signature on File

_____
Grand Jury Foreperson

NICHOLAS J. GANJEI
United States Attorney

By: _____
JENNIFER K. WEINHOLD
ANTHONY R. FRANKLYN
Assistant United States Attorneys