United States Courts
Southern District of Texas
FILED
*September 09, 2026*
Nathan Ochsner, Clerk of Court

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| **vs.** | § | **CRIMINAL NO. 4:25-cr-471-S** |
| | § | |
| **AUSTIN TANTON,** | § | |
| **KAYLA LYNN THOMPSON,** | § | |
| **and** | § | |
| **GERTRUDE MARIE THOMPSON** | § | |

## SUPERSEDING INDICTMENT

THE GRAND JURY CHARGES:

## INTRODUCTION

At all times material to this Superseding Indictment:

1. The term "explosive" is defined, pursuant to Title 18, United States Code, Section 844(j), as "other explosives or incendiary devices within the meaning of paragraph (5) of section 232 of this title," which defines "explosive or incendiary device" as "any device which (i) consists of or includes a breakable container, including a flammable liquid or compound, and a wick composed of any material which, when ignited, is capable of igniting such flammable liquid or compound, and (ii) can be carried or thrown by one individual acting alone."

2. The term "destructive device" is defined, pursuant to Title 26, United States Code, Section 5845(f), as "(1) any explosive, incendiary, or poison gas (A) bomb, (B) grenade, (C) rocket having a propellant charge of more than four ounces, (D) missile having an explosive or incendiary charge of more than one-quarter ounce, (E) mine, or (F) similar device…(3) any combination of parts either designed or intended for use in converting any device into a destructive device as defined in subparagraph[] (1)…from which a destructive device may be readily assembled."

3. The term "explosive," for purposes of Counts Two and Three of this Superseding Indictment, is an incendiary device consisting of a glass bottle with cloth therein and containing flammable liquid and having a cloth wick in the mouth of said bottle, to wit, a Molotov cocktail.

4. The term "destructive device," for purposes of Count Four of this Superseding Indictment, is an incendiary device consisting of a glass bottle with cloth therein and containing flammable liquid and having a cloth wick in the mouth of said bottle, to wit, a Molotov cocktail.

5. Paragraphs 1-5 are incorporated into each of the counts below.

**COUNT ONE**
**(Conspiracy to Commit Arson)**

Beginning on or about November 1, 2023, the exact date being unknown, and continuing up to and including November 5, 2023, within the Southern District of Texas and elsewhere within the jurisdiction of the Court, Defendants,

**AUSTIN TANTON,**
**KAYLA LYNN THOMPSON, and**
**GERTRUDE MARIE THOMPSON**

did knowingly and intentionally conspire and agree with each other, and others known and unknown to the Grand Jury, to maliciously damage and destroy, by means of fire and explosive materials, the Huyen Trang Buddhist Meditation Centre, to wit, the building located at 170505 FM 1485, New Caney, Texas 77357, used in interstate commerce.

**In violation of Title 18, United States Code, Section 844(n).**

**COUNT TWO**
**(Use of an Explosive to Commit a Federal Felony)**

On or about November 5, 2023, within the Southern District of Texas, Defendants,

**AUSTIN TANTON,**
**KAYLA LYNN THOMPSON, and**

**GERTRUDE MARIE THOMPSON**

aided, abetted, and assisted by each other, and others known and unknown to the Grand Jury, knowingly used and unlawfully carried an explosive, to wit, a Molotov cocktail, to commit conspiracy to commit arson and to commit arson, both felonies prosecutable in a court of the United States.

**In violation of Title 18, United States Code, Sections 844(h)(1) and (h)(2) and Title 18, United States Code, Section 2.**

**COUNT THREE**
**(Arson)**

On or about November 5, 2023, within the Southern District of Texas, Defendants,

**AUSTIN TANTON,**
**KAYLA LYNN THOMPSON, and**
**GERTRUDE MARIE THOMPSON**

aided, abetted, and assisted by each other, and others known and unknown to the Grand Jury, maliciously damaged and attempted to destroy, by means of fire and explosive materials, the Huyen Trang Buddhist Meditation Centre, to wit, the building located at 170505 FM 1485, New Caney, Texas 77357, used in interstate commerce.

**In violation of Title 18, United States Code, Section 844(i) and Title 18, United States Code, Section 2.**

**COUNT FOUR**
**(Possession of Unregistered Destructive Device)**

On or about November 5, 2023, within the Southern District of Texas and within the jurisdiction of the Court, the Defendant,

**AUSTIN TANTON,**

aided, abetted, and assisted by others known and unknown to the Grand Jury, knowingly received and possessed an unregistered firearm, to wit, a destructive device, not registered to him in the National Firearms Registration and Transfer Record.

**In violation of Title 26, United States Code, Sections 5841, 5845, 5861(d), 5871, and Title 18, United States Code, Section 2.**

**NOTICE OF CRIMINAL FORFEITURE**
[18 U.S.C. §§ 981(a)(1)(C), 982(a)(2)(B); 28 U.S.C. § 2461(c)]

Pursuant to Title 18, United States Code, Sections 981(a)(1)(C) and 982(a)(2)(B), and Title 28, United States Code, Section 2461(c), as a result of the commission of a violation of Title 18, United States Code, Section 844, as alleged in Counts One through Three of this Superseding Indictment, notice is given to the defendants,

**AUSTIN TANTON,**
**KAYLA LYNN THOMPSON, and**
**GERTRUDE MARIE THOMPSON**

that the defendants shall forfeit to the United States any property, real or personal, which constitutes or is derived from proceeds traceable to such violation.

**MONEY JUDGMENT**

Defendants are notified that, upon conviction, a monetary judgment may be imposed equal to the total value of the property subject to forfeiture. Such amount is estimated to be $40,000.

**SUBSTITUTE ASSETS**

Defendants are notified that in the event that property subject to forfeiture, as a result of any act or omission any defendant,

(A) cannot be located upon the exercise of due diligence;

(B) has been transferred or sold to, or deposited with, a third party;

(C) has been placed beyond the jurisdiction of the court;

(D) has been substantially diminished in value; or

(E) has been commingled with other property that cannot be divided without difficulty,

it is the intent of the United States to seek forfeiture of any other property of the defendant up to the total value of such property pursuant to Title 21, United States Code, Section 853(p), incorporated by reference in Title 28, United States Code, Section 2461(c).

A True Bill:

Original signature on file

Grand Jury Foreperson

AARON F. REITZ
United States Attorney

By: Jennifer K. Teper

JENNIFER K. TEPER
ANTHONY R. FRANKLYN
Assistant United States Attorneys